```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


WALTER GREGORY                    ]
     Plaintiff,                   ]
                                  ]
v.                                ]      No. 3:11-0112
                                  ]      Judge Trauger
SONNY WEATHERFORD, et al.         ]
     Defendants.                  ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Sumner County Jail in Gallatin, Tennessee. He brings this action against Sonny Weatherford, Sheriff of Sumner County; Sonya Trout, Administrator of the Sumner County Jail; and Michael Salensky, a guard at the Jail; seeking damages.

The plaintiff is a self-described 36 year old gay male. On January 25, 2011, he heard Officer Salensky refer to another inmate as "a little black faggott." Being gay, the plaintiff was upset by the reference and claims that Officer Salensky has slandered all gay individuals.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that mere words, no matter how offensive, threatening, or insulting, do not rise to the level of a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). Consequently, the Supreme Court has held that defamation is not a constitutional tort and does not state a cognizable claim under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976).

Any comment such as that allegedly attributed to Officer Salensky is reprehensible. Nevertheless, the comment does not offend the Constitution. Because the allegations in the complaint do not rise to the level of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge